## LAMBORN & CO. v. PALMETTO GROCERY CO.

(Circuit Court of Appeals, Fourth Circuit. April 14, 1925.)

No. 2285.

Appeal and error ☞999(1)—Where facts present issue for jury, its finding will not be disturbed on appeal.

Where question whether sale contract was canceled, or whether seller's conduct reasonably induced buyer to believe contract was canceled to its prejudice, were questions for jury, finding of jury will not be disturbed on appeal.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Action by Lamborn & Co. against the Palmetto Grocery Company. Judgment for defendant, and plaintiff brings error. Affirmed.

H. G. Connor, Jr., of Wilson, N. C., F. L. Willcox, of Florence, S. C., Connor & Hill, of Wilson, N. C., and Willcox & Hardee, of Florence, S. C., for plaintiff in error.

W. F. Stackhouse and A. F. Woods, both of Marion, S. C., for defendant in error.

Before WADDILL and ROSE, Circuit Judges, and GRONER, District Judge.

PER CURIAM. This case was here before under the same title, and is reported in 284 F. at page 427. In our opinion on the former appeal the facts are fully stated, and a brief outline here will be sufficient.

Lamborn & Co. (plaintiff in error) was a large dealer in sugar, engaged in the importation and sale of the same to local dealers throughout the United States. In May, 1920, it offered for sale a large quantity of Java white sugar, at a fixed price per pound f. o. b. cars at Baltimore or Philadelphia, deliveries to be made on the arrival from Java of a steamer at a later date. The offer so made provided, as a condition precedent to the making of a binding contract that the purchaser should furnish an irrevocable letter of credit for an amount of money equal to the value of the sugar purchased, this letter of credit to be in favor of Lamborn & Co. and to be opened through a New York bank within five days after confirmation of sale. Palmetto Grocery Company (defendant in error) bought, for delivery in accordance with the contract, 200 bags of Java sugar, but with the contract for the sugar, which it signed and returned to plaintiff in error, it inclosed a letter of credit furnished by its local (South Carolina) bank. Plaintiff in error declined to accept this letter of credit, and notified defendant in error that unless the letter of credit demanded and provided for by the terms of the contract was promptly furnished it would be compelled to cancel the contract. Between May 17th, the date of the original order of the sugar by defendant in error from plaintiff in error, and July 10th, there was an exchange of letters between the parties, all of which are fully set out in our former opinion and which it is not necessary here to reproduce; but on the latter date defendant in error notified plaintiff in error that it had understood the contract would be canceled and had acted upon that assumption. Plaintiff in error declined to agree that the contract had been canceled and insisted upon compliance, and, pursuant to its terms, subsequently notified defendant in error of the arrival of the sugar in this country, and still later shipped the same, with bill of lading draft attached. The sugar was refused, the draft unpaid, and thereafter an action to recover the purchase price was instituted.

At the former trial there was an instructed verdict for the defendant. In reversing, we said:

"Whether the contract was in fact canceled, or whether the acts and conduct of Lamborn & Co. were of such character as reasonably to induce the belief on the part of the Palmetto Company of the cancellation of the contract, and thus to mislead it to act in that belief to its prejudice, are questions which we think should be, by appropriate instruction, submitted to a jury for decision."

A careful examination of the record, and particularly the charge of the learned judge by whom the case was tried, convinces us that a trial in which the facts were substantially the same as in the previous trial these questions were accurately and fairly submitted to the jury. And the jury having found for the defendant, we are constrained to accept their conclusion, as was the lower court in refusing to set aside the verdict.

It follows, therefore, that the judgment appealed from should be, and is, affirmed.